EZELL, J.
dissents.
Lin this termination of parental rights case, the mother of the child has been in prison since 2004 and will not be released until April 16, 2016. The majority proposes to reverse the trial court’s ruling terminating the parental rights of the mother. The father does not object to the termination of his parental rights. The majority finds that the State does not prove that termination of the mother’s rights were proven by the State.
The child was born on October 15, 1999, thus making the child nine-and-a-half years old currently. He has not been cared for by his mother for almost five years. The first visit with the mother was in prison on September 18, 2006 and this began regular visits by the child.
Only in exceptional cases, when a parent was not absent or did not cause the child to be placed in the State’s care, have we reversed a termination case. When that parent objects to his or her rights being terminated. This mother has a past history of irresponsible actions and illegal activity and caused herself to be sentenced to a period of incarceration of such duration that she will not be able to care for this child for an extended period of time. This fact, along with five other factors; (1) the child’s age, (2) the child’s need for a safe loving environment, (3) the child’s need for a stable lifestyle, (4) a permanent place of residence (including school, church and friends), and (5) failure of this mother to provide a plan for this child other than foster |2care, must be looked at as the factors in determining the best interest of this child. All of these factors were not favorable on the mother’s part. Clear and convincing evidence is really a question for the trial judge, and we can only review under a manifest error standard. I can only say that I find clear and convincing evidence that it is not in the best interest of this child to rely on the hopes of a parent.
After reading the record, I have not found any testimony to show that this mother and child have a significant bond. All parents love their children, but in some cases love is not enough. This parent committed these crimes when she was pregnant with this child. I did find evidence that the child and mother have verbalized that they love each other. But to me, the evidence presented is clear that this little boy could be adopted. The testimony of the CASA worker indicates that the foster parents have made this child a part of their family.
Again, I must say that this court and the first circuit, in exceptional cases, have not terminated the parental rights when the parent can not provide for a child and or has not provided a reasonable plan for the care of the child. I do not find this to be an exceptional case. In the Interest of C.D. and J.C. v. L.C., 01-663 (La.App. 3 Cir. 10/3/01), 796 So.2d 844, can be distinguished from the case before us.
I must respectfully disagree with the majority’s opinion to reverse the trial court.